53 F.3d 339
 75 A.F.T.R.2d 95-2180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth W. NELSON; Reta M. Nelson, Carol, Millsap; Diana
Cater, Plaintiffs-Counter-Defendants-Appellants,
v.
UNITED STATES of America; Michael P. Brown,
Defendants-Counter-Claimants-Appellees,
and
John Does; Mary Does, Defendants-Counter-Claimants.
 No. 93-15491.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1995.*
Decided May 1, 1995.
 
 Before: WALLACE, Chief Judge, and GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Nelsons and their daughters appeal for the second time the district court's holding that the Internal Revenue Service could levy upon and sell the real property originally held in joint tenancy by the Nelsons and apply the entire proceeds to the payment of the taxes owed by Kenneth W. Nelson. We affirm.
 
 
 3
 We previously remanded for a determination as to whether the property was held in joint tenancy or as community property since the record was not adequately developed on that point. Upon retrial extensive evidence was taken.
 
 
 4
 After trial the district court concluded, based on the record as developed, that the Nelsons held the property as community property. Although they took title to the property in joint tenancy with right of survivorship, the source of the funds for the acquisition was community property. Subsequently, the Nelsons filed a homestead declaration which stated that the property was their community property. The record also was replete with evidence that community funds were used from time to time to improve the property. The district court had an adequate basis to find that any presumption that the property was joint tenancy property was overcome by these facts.
 
 
 5
 The district court was also correct in holding that the entire proceeds from the sale of the property could be used to pay Kenneth Nelson's tax liability. The Nelsons' arguments to the contrary are entirely specious. They inexplicably rely on Randono v. Turk, 86 Nev. 123, 466 P.2d 218 (Nev. Sup. Ct. 1970), a Nevada case decided at a time when the Nevada law provided that the husband had sole management of the entire community. Unremarkably, the court in that case held that the whole of the community could be subjected to the judgment for the debt incurred by the husband. Now that the wife, under the new statutory scheme, has equal management powers, appellants assert that the acting spouse cannot subject the non-acting spouse's community property to the acting spouse's debt. This is a complete non-sequitur and antithetical to the whole scheme of community property. Although Nevada statutory law is not entirely explicit[1] on this point, it starts from that a debt incurred during marriage by either spouse can be collected from community property. It does not matter which spouse incurred the debt. It is a community debt and can be collected from the whole of the community, not just the actor's one-half.
 
 
 6
 If appellants' view were to prevail, the community property system would be destroyed. Each spouse would be an independent actor; each spouse could have a widely different interest from that of the other. Creditors, supposedly creditors of the community, could reach only the unexpended portion of the actor's community interest. In effect, there would be no community. That is simply not the law of Nevada or any other community property state.
 
 
 7
 We affirm.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. We submit this appeal on the briefs
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 N.R.S. 123.050 is explicit albeit in the negative. It provides that the share of the community property owned by the non-acting spouse's interest cannot be reached by a creditor whose claim arose before marriage. This confirms the notion that the non-acting spouse's interest can be reached for debts incurred by the acting spouse after marriage